## J. W. GORDON V. HATTIE T. LEWIS.

Decided November 19, 1910.

### Evidence—Foreign Will—Statute Construed.

Where the original copy of a will and the record of its probate in the State of California had been destroyed, and the same had been restored by a judicial proceeding in accordance with the statutes of said State, a certified copy of the will as restored and of the probate thereof would be competent evidence under the provisions of article 5353 of our Revised Statutes. The restored will and record would be for all legal purposes the originals, and a copy of the same would meet the requirement of our statute making a copy of the original competent evidence.

Appeal from the District Court of Terry County. Tried below before Hon. L. S. Kinder.

*Carl Gilliland, W. H. Bledsoe,* and *R. J. Dillard,* for appellant.—In an action of trespass to try title, where plaintiff is claiming title under a will that has been probated in one of the States in the United States but has not been probated in this State, the only evidence that is admissible under our laws is a *copy of the will* and its probate, attested by the clerk of the court in which such will was probated, etc., and a certified copy of the proceedings of a court reciting that such will and probate proceedings had been had, is not admissible. Revised Statutes, articles 5353, 5354, 5355 and 5356; Slayton v. Singleton, 72 Texas, 209; Hurst v. Millinger, 73 Texas, 189; Mills v. Herndon, 60 Texas, 353; Harvey v. Cummings, 68 Texas, 599; Johnson v. Skipworth, 59 Texas, 473; McCormick v. Sullivant, 10 Wheaton, 192; Willcox v. Bergman, 96 Minn., 219; Lincoln v. Battelle, 6 Wend. (N. Y.), 475; Goddard v. Parker, 10 Or., 102.

A certified copy of an order of a court of California reciting that a will had formerly been probated in a probate court of California, and that the said will and probate proceedings had been destroyed, is not admissible in evidence, when objected to, to show title to land in this State to be in the person named as beneficiary in the will, or for any

other purpose; neither is such an order entitled to registration under the laws of this State, and when recorded, the record thereof or a certified copy of the record thereof is not admissible in evidence. 3 Wigmore on Evidence, sec. 1660; Title and Document Restoration Co. v. Kerrigan, 88 Pac., 356; 8 L. R. A. (N. S.), 682; Olmstead v. Olmstead, 216 U. S., 386; 54 L. Ed., 530; Fall v. Eastin, 216 U. S., 1; De Vaughn v. Hutchinson, 165 U. S., 566.

*L. C. Dalton, Geo. W. Neill, L. C. Penry, Webb & Joiner,* and *Theodore Mack,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This was an action of trespass to try title instituted by Hattie T. Lewis against J. W. Gordon and J. J. Dillard to recover certain lands in Terry County. Defendant Dillard filed a disclaimer as to the land and pleaded to the jurisdiction as to the damages sought, upon which pleas he was dismissed from the case. Defendant Gordon pleaded not guilty and asked that he be quieted in his title and possession of the land. There was a summary instruction to find for the plaintiff and the defendant Gordon has appealed.

The controlling question in this case is whether or not the court erred in admitting in evidence a certified copy from the deed records of Terry County as an exemplified copy of the will of one, N. W. Croker, together with the probate proceeding had on such will, certified to by the clerk of the Superior Court of the city and county of San Francisco, California. The materiality of this ruling will appear from the fact that Croker, who died in San Francisco on January 25, 1901, was seized in fee simple of the land in controversy, and left surviving him one child and only heir, Mrs. Czarina Switzer, who conveyed the land to Dillard, under whom appellant claims. Croker died testate, however, devising the lands to appellee. The will was never probated in Texas, but was probated in California, but the will together with its probate of record was destroyed in the great earthquake in that city on April 18, 1906. In pursuance of an Act of the Legislature of California, proceedings were had in the Superior Court of California for the county and city of San Francisco, restoring said will and the original probate proceedings. On June 16, 1908, after appellant had purchased the land from Dillard, the appellee procured a certified copy of the restored will and probate proceedings and filed the same in the office of the county clerk of Terry County, and it is the court's ruling in admitting a certified copy of this record which forms the basis of the appellant's complaint.

The question involved is hardly one of evidence, but requires at our hands a consideration of article 5353 of the statutes, which reads as follows:

"When any will or testament, or testamentary instrument of any character conveying or in any manner disposing of land in this State, has been duly probated according to the laws of any of the United States

or Territories, a copy thereof and its probate, attested by the clerk of the court in which such will and testament or testamentary instrument was admitted to probate and the seal of the court annexed, if there be a seal, together with a certificate from the judge or presiding magistrate of such court that the said attestation is in due form, may be filed and recorded in the register of deeds in any county in which said real estate is situated, in the same manner as deeds and conveyances are required to be recorded, and without further proof or authentication; provided, that at any time within four years from the date of the record of such will in this State, the validity of such will may be contested in a proceeding instituted for that purpose, as the original might have been."

The gist of appellant's objection is that the certified copy offered is not a copy of the original will, but appears on its face to be a certified copy of the original will together with its probate as restored by the order of the Superior Court of California for the city and county of San Francisco, and that, therefore, it does not come within the terms of the statute quoted. But we must hold otherwise. In the very nature of things our Legislature has not undertaken to define the procedure for probating wills in other States. It has undertaken to say that where a will has been duly probated according to the laws of any other State or Territory in this Union, a copy thereof and its probate duly attested is entitled to be recorded in this State in the same manner as deeds and conveyances are required to be recorded. What that due process of probate is, must of course be determined by the law of the foreign State. An examination of the statutes of California in evidence in this case discloses that the Legislature meant for the restored records of that State to have precisely the same effect as the originals. This being true, the restored records, of course, were for all legal purposes the originals, and constituted the will together with its probate within the contemplation of the article of the statute above quoted. See McLanahan v. Blackwell (Ga.), 45 S. E., 785; Hoodless v. Jernigin, 35 So., 656; 34 Cyc., p. 610 (D).

Under the agreement of the parties and the undisputed evidence there was no question of innocent purchaser in the case, and the certified copy of the will and probate being properly admitted in evidence, the court did not err in instructing a verdict for the appellee. The judgment is affirmed.

*Affirmed.*

Writ of error refused.